**SLATTERY et al. v. JOHNSON MOTOR PRODUCTS CO., Inc.**

Circuit Court of Appeals, Seventh Circuit. July 7, 1928.

No. 4002.

Patents ⊜⇒328—1,438,560, for repair link for automobile tire chains, claims 1 and 2, held valid and infringed.

Patent No. 1,438,560, issued to Slattery for repair link for automobile tire chains, claims 1 and 2, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by Edward F. Slattery and another against the Johnson Motor Products Company, Inc. From a decree dismissing the bill for want of equity, complainants appeal. Reversed and remanded, with direction.

George Wilkinson, of Chicago, Ill., for appellants.

John C. Carpenter, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The action was for infringement of United States patent No. 1,438,560, to Slattery, for a repair link for automobile tire chains, to supply a simple, inexpensive link whereby, in case one of the cross-chains of an anti-skid tire chain becomes broken, the severed ends may be quickly and easily united by the link for temporarily repairing the chain until a new cross-chain can be provided. The two claims of the patent are involved. They are:

"1. A repair link for the cross-chains of vehicle tires, composed of wire rod bent into two open loops, but with its ends parallel to each other, the loops being arranged in intersecting planes, the free end portion of the wire of one loop being disposed opposite the eye of the other loop, but spaced therefrom, so that the latter forms a nontiltable base against which said end may be bent into locking position, one of said loops being adapted to lie against the surface of a tire, and the

bends of both being adapted to furnish free sliding engagement with cross-chain links, through which they may be passed.

"2. The combination with a ` chain embodying twisted links, the loops of which, when laid upon a surface, each open in a direction normal to that surface, and also in a direction parallel therewith, of a repair link composed of wire stock bent into two loops, arranged in intersecting planes, the free end portion of the wire of one loop being disposed opposite the eye of the other loop, the bend of one loop being passed loosely in the said parallel direction through a link of the chain to lie against the said surface, and the bend of the other loop being passed loosely in the said normal direction through another link of the chain, and to lie in a plane substantially normal to the surface, so that pressure applied to said surface through said last-mentioned loop will tend to close the loop."

The District Court, without directly passing on the question of validity, held that appellee's link did not infringe, and ordered the bill dismissed for want of equity. The links are bent from stock wire, and are substantially as appears from drawings in brief for appellee, as follows:

Link of Patent.

In the patent link, the loop *1, 2, 5,* and the loop *4, 3, 5,* are somewhat less than rectangularly disposed toward each other, being slightly canted to prevent bending outward when pressure for closing is applied; the links of the severed chain having been inserted at *1* and *4* and held at *2* and *3* respectively prior to closure.

In appellee's link, the member *1, 2,* inclines upward from the plane of the link as shown, so that the end links of the severed cross-chain may be readily inserted at *1* and *4,* respectively, resting at *2* and *3* when the member *1, 2,* is pressed down to close the link.

Noninfringement is the defense relied on. It is appellee's contention that the law of operation of the patent link, as described in the specification and as claimed, is such that appellee's link is not only patentably distinguishable, but that it could not and does not operate in the same way.

It is claimed for each link that it is closable by pressure of the tire on the link through movement of the car. Appellee contends that this is not true of the link of the patent. It is pointed out that in the specification it is stated that, when the severed ends of the chain have been attached to the link of the patent, one side of the link will rest against the tire, while the other side will be raised, so that pressure of the foot on the raised member will close that loop, and that "the cross-chain is then twisted through 90° and the same action taken with respect to the free end * * * of the loop, * * * with the result that, when the cross-chain reassumes its normal position flat against the tire, both loops of the repair link will be secured in closed positions," and the patent specifies no other manner of closing the link, save what might be inferred.

When closed as so described, it is evident that there are thus two closed loops or eyes, one lying flat against the tire, and the other substantially at right angles thereto; whereas, when appellee's loop is closed, there is,

Appellee's Link.

but for the elongation of the closing member, but a single loop, lying in a single plane. If the link of the patent were thus limited, there might be little difficulty in here reaching the conclusion of noninfringement. It is true that the claims and specification of the patent make no reference to what is contended to be a prime merit of the patented link, viz., its closure or locking by means alone of the pressure of the tire of the moving car.

The file wrapper clearly discloses that the use of the link, through closing it by operation of the car, was well known to the inventor at the time of application. This conclusion does not depend alone upon the recollection of witnesses testifying long subsequently, but in the application itself as originally made it appears that at the end of

claim 2 were the words, "so that the weight of the vehicle will tend to close it [the link]." These words were subsequently omitted as being functional, but at various times during the prosecution of the patent this means of closure was mentioned. At one time it was stated in a letter to the Patent Office, "as soon as the vehicle is put in motion they [the links] will close themselves without injury to the tire." Another time attention was called to the fact that the link need lie flat on the tire only long enough "to have the weight of the machine close it." Again it was said, early in the proceedings, "Furthermore, the twisted links so support the repair link after its application that it is urged to locked position during use." Just why in the specification reference is made to the locking by the foot means described, and not by means of the weight of the car, is not apparent; but it is plain that as far back as the filing date the link of the patent was known to be closable through the movement of the car itself.

This action of the car upon appellants' link produces a result somewhat different from that which is produced from the described method of first closing by the foot one loop, and then the other, whereby the two closed loops or eyes are formed. When the closure is by means of the pressure of the tire, it flattens one loop against the other, making substantially one elongated eye or link, which holds the severed parts, and it is then, to all practical purposes, the same sort of link as the alleged infringing link when closed. It is possible, also, with the foot to mash down one of the patent link loops over the other, so that it will then be of same form as in case of closure by weight of the machine.

It is true that article patents are granted, not for functions, but for things. If, instead of describing the two-step closure by the foot, the patentee had described it as by the movement and weight of the machine, whereby the link was closed to form a single loop or eye, and the invention were properly claimed, we think there could be no question but that appellee's link would infringe. But, conceding the adaptability of the patented link for closing it by pressure of the car in the manner indicated, appellee's link is none the less an infringement, even though it is not adapted to be closed in the specific manner pointed out in the patent specification.

In Slattery et al. v. Godfrey, 13 F.(2d) 350, the Circuit Court of Appeals for the Third Circuit held this patent valid, and we feel constrained to express acquiescence in

that opinion, although validity is not here an issue. The link there held to infringe was likewise incapable of being closed in the specific manner which the Slattery specification pointed out. It was a wire bent into the form of a figure 8, with both ends projecting forward to permit the insertion of the separated end links of the cross-chain, and when inserted the movement of the car pressed back the open ends or parts, so that the closed link was then in a single plane, and not in the two planes as in the separate closing of the links by the foot as described in Slattery's specification.

Even upon this structure, whereon Godfrey applied for a patent, the Patent Office put him in interference with Slattery's first-filed and copending application and awarded priority to Slattery. We are satisfied that infringement here appears, unless Slattery's claims are limited to the precise structure which the patent shows.

While there does not appear in the prior art any repair link which may be said to be in the general class of Slattery—none which suggests or requires a narrow limitation of Slattery's claims—it is urged that the claims do not read on appellee's link; as to the first claim, primarily because appellee's two open loops are not so bent that it has "its ends parallel to each other" as stated in the claim. We do not find that the parallelism of these ends is so essential to the Slattery link that departure from the parallel would necessarily involve a departure from the patent or from this claim. If the device of the patent would suggest appellee's link, we do not think appellee could patentably distinguish from Slattery by bending his loop ends more or less off from the parallel. He still has a link of the same general nature, whereby through substantially the same means a substantially same result is reached.

In claim 2 the loop ends are not described as being parallel. But it is insisted that this claim, as likewise claim 1, prescribes that the two loops of the patent link are "arranged in intersecting planes," which arrangement, it is contended, is entirely absent in appellee's link. There is nothing in the claims which requires the planes to intersect at a given angle. If they intersect at all, this element of the claims is present. The claims apply to the link as a commercial product ready to be attached to the severed chain before application of pressure to bend the parts into place.

We are satisfied that appellee's link does, in substance and spirit, respond to the ele-

ment of the two intersecting planes of the loops, so far as the term "plane" is applicable to such structures. One of the planes is that of the flat lying loop *3, 4, 5*. The other may be fairly said to be that made by the raised loop side and its adjacent bend or eye at *2*. That these loops are not parallel is self-evident, and so they must be and are intersecting. While the angle of intersection would be quite different from that of the patent structure, the claims do not specify the angle. With any fair range of equivalency, to which we have no doubt the patent link is entitled, we are satisfied that both claims (and particularly the second) are readable on the alleged infringing link, and that appellants were entitled to a decree finding the patent valid and infringed.

The decree of the District Court is reversed, and the cause remanded with direction to the District Court to enter a decree finding the patent valid and infringed, and awarding appellants an injunction and an accounting, and other appropriate relief.